IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )   CIVIL ACTION 15-0435-WS-C |
| BEAU ROBERT M. DOOLITTLE,<br>    Defendant. | )<br>)<br>)<br>) |
| v. | )<br>) |
| GREEN TREE SERVICING LLC, *et al.*,<br>    Counterclaim Defendants. | )<br>)<br>) |

**ORDER**

This matter comes before the Court on the Motion for Remand (doc. 6) filed by defendant, Beau Robert Doolittle. The Motion has been briefed extensively and is now ripe for disposition.[1]

**I. Procedural Posture.**

The procedural circumstances presented here may be novel to the undersigned, but they have surfaced with some frequency of late in federal district courts elsewhere in Alabama. Plaintiff, Federal National Mortgage Association ("FNMA"), filed an ejectment suit against defendant, Beau Robert M. Doolittle, in the Circuit Court of Mobile County, Alabama on May 8, 2015. The Complaint alleged that FNMA had purchased Doolittle's residence in Theodore,

---

[1] The Court notes at the outset that movant's Reply (doc. 15) exceeds without leave the 15-page limitation prescribed by the Local Rules, and is therefore subject to being stricken. *See* Civil L.R. 7(e). It also includes approximately five pages of unattributed block text lifted wholesale from *Federal Nat'l Mortgage Ass'n v. Morris*, --- F. Supp.3d ----, 2015 WL 4617175 (N.D. Ala. July 31, 2015). *Compare* doc. 15 at 11-16 *with Morris*, 2015 WL 4617175, at *8-10. In its discretion, however, the Court will consider the Reply in its present form to avoid accrual of additional delay and expense associated with correction of these defects.

Alabama, at a foreclosure sale on April 9, 2015, but that Doolittle had refused to surrender possession upon demand. (Doc. 1-1, at 2-3.)

On July 29, 2015, Doolittle filed an "Amended Answer and Counterclaim" in state court. In his Answer, Doolittle contended that the foreclosure was void for various reasons (as to alleged defects in both the foreclosure proceedings and the underlying servicing, assignment and default of the mortgage loan), such that FNMA had, in fact, never actually received valid title to Doolittle's property. (Doc. 1-1, at 62-65.) Doolittle also interposed a 15-count Counterclaim directed exclusively against Green Tree Servicing, LLC and Bank of America, N.A. No counterclaims are asserted against FNMA. By its terms, the Counterclaim was "brought to enforce the contractual remedies allowed in the mortgage document. The action seeks damages in contract and tort for the actions of the Counter-Defendants with respect to their servicing and foreclosure on the loan in question." (*Id.* at 66, ¶ 3.) Amidst a constellation of claims sounding in common-law theories such as negligence, wrongful foreclosure, slander of title, breach of contract and fraud, Doolittle also asserted certain federal statutory claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*; the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and Regulation Z; and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* The *ad damnum* clause of the Counterclaim reflects that Doolittle seeks compensatory and punitive damages from Green Tree and Bank of America, as well as equitable relief that the foreclosure sale be set aside, the foreclosure deed be deemed void, and FNMA's ejectment action be dismissed.

On August 28, 2015, Green Tree (with written consent from both FNMA and Bank of America (*see* doc. 1, Exh. 5)) filed a Notice of Removal (doc. 1), removing this action to federal court on grounds of federal question, supplemental and diversity jurisdiction. In particular, Green Tree reasoned that the FDCPA, TILA and RESPA claims set forth in the Counterclaim give rise to federal question jurisdiction under 28 U.S.C. § 1331; that federal jurisdiction could properly be exercised over all remaining state-law claims joined in this action via the supplemental jurisdiction provisions of 28 U.S.C. § 1367; and that there is both complete diversity of citizenship between Doolittle and Green Tree / Bank of America and the requisite amount in controversy to support diversity jurisdiction under 28 U.S.C. § 1332.

Doolittle now moves for this action to be remanded to Mobile County Circuit Court for want of removal jurisdiction, on the ground that Green Tree could not validly remove this action to federal court under 28 U.S.C. § 1441.

## II.  Analysis.

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must demonstrate the existence of federal jurisdiction. *See City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."); *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists") (citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See City of Vestavia Hills*, 676 F.3d at 1313 ("federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court") (citation omitted); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction).

The heart of the parties' dispute – which has played out multiple times in analogous circumstances before other federal judges in Alabama in recent months – is whether removal jurisdiction is properly conferred here by operation of 28 U.S.C. § 1441(c).[2] The keystone of

---

[2] It cannot be credibly argued, and Green Tree does not argue, that removal jurisdiction lies pursuant to § 1441(a). That section provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ***by the defendant or the defendants*** …." 28 U.S.C. § 1441(a) (emphasis added). Green Tree, by its own admission, is not a defendant, but is instead a "newly added defendant," whether a counterclaim defendant (as Doolittle says) or a third-party defendant (as Green Tree maintains). Numerous lower courts have persuasively opined that third-party or counterclaim defendants may not remove an action under § 1441(a). *See, e.g., Deutsche Bank Nat'l Trust Co. v. Baxter*, 969 F. Supp.2d 1337, 1342 (N.D. Ala. 2013) (reasoning that "under Section 1441(a), determining whether a particular case arises under federal law turns on what is contained within the well-pleaded complaint," such that counterclaim, which appears as part of answer rather than complaint, does not enable counterclaim defendant to remove action under § 1441(a)) (citations and internal quotation marks omitted); *The Mobile Washington (MOWA) Band of The Choctaw Indian Tribe v. Sunbelt* (Continued)

Green Tree's argument for removal under this section is an old Fifth Circuit case, *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980), that the Eleventh Circuit has never expressly overruled. In *Carl Heck*, the court examined the language of § 1441(c) and concluded that a third-party defendant could remove a case under that section "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court." 622 F.2d at 136. *Carl Heck* was and is highly controversial; however, recent district court authorities have opined that it "remains valid and binding in the Eleventh Circuit." *WGB, LLC v. Bowling*, 18 F. Supp.3d 1288, 1294 (N.D. Ala. 2014); *see also Deutsche Bank Nat'l Trust Co. v. Baxter*, 969 F. Supp.2d 1337, 1342 (N.D. Ala. 2013) ("*Carl Heck* remains good law in the Eleventh Circuit"); *Bank of New York Melon v. Reeves*, 2015 WL 5736395, *2 (M.D. Ala. Sept. 30, 2015) ("*Carl Heck* is still good law in this Circuit when removal is based on federal question jurisdiction").

For his part, Doolittle decries Green Tree's reliance on *Carl Heck* because, among other reasons, Green Tree is not a third-party defendant, but is instead a counterclaim defendant. The distinction matters because *Carl Heck* was framed in terms of removal based on a third-party claim, not a counterclaim. No binding precedent in the Eleventh Circuit has extended the *Carl Heck* rationale to the counterclaim context. On that basis, many district courts in Alabama have

---

*Resources, Inc.*, 649 F. Supp.2d 1325, 1339 (S.D. Ala. 2009) ("courts addressing the question of whether a third-party defendant is a 'defendant' within the meaning of the statute, and therefore entitled to initiate removal, have overwhelmingly concluded that such third party defendants are not defendants entitled to remove under § 1441(a)"); *Cohn v. Charles*, 857 F. Supp.2d 544, 547 (D. Md. 2012) ("Only a defendant to an action – neither a counter-defendant nor a third-party defendant – may remove a case under § 1441(a)."); *Sharp General Contractors, Inc. v. Mt. Hawley Ins. Co.*, 471 F. Supp.2d 1304, 1305 (S.D. Fla. 2007) ("courts have routinely held that third-parties may not remove cases to federal court under § 1441(a)"); *LPP Mortgage Ltd. v. Scarber*, 2015 WL 5782279, *2 (N.D. Ala. Oct. 5, 2015) ("It is clear that a counter-defendant cannot remove an action under 28 U.S.C. § 1441(a) since that statute's plain text only authorizes removal by the defendant or the defendants.") (citation and internal quotation marks omitted); *Federal Nat'l Mortgage Ass'n v. Morris*, --- F. Supp.3d ----, 2015 WL 4617175, *11 (N.D. Ala. July 31, 2015) (concluding, based on binding appellate guidance and narrow construction of removal statutory language, that newly added counter-defendant "is not a 'defendant' entitled to remove under § 1441(a)"). As such, Green Tree cannot rely on § 1441(a) as a vehicle for removal in this case; rather, its quest for a federal forum stands or falls on the strength of its § 1441(c) arguments.

found the lack of settled circuit law authorizing removal by counterclaim defendants to be dispositive, and have remanded removal actions to state court on that basis.  *See, e.g., Baxter*, 969 F. Supp.2d at 1344 ("in finding that *Carl Heck* should not be extended in this manner, the Court sides with the majority of other courts across the country that have found that Section 1441(c) does not permit removal for counterclaim defendants").[3]  This viewpoint finds compelling support in the Supreme Court's observation that a counterclaim "does not provide a key capable of opening a federal court's door."  *Vaden v. Discover Bank*, 556 U.S. 49, 66, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009).[4]

By all appearances, Green Tree is, indeed, properly classified as a counterclaim defendant, rather than a third-party defendant, in this action.  After all, "third party practice … is only available when the third party defendant's liability is secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim."  *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982) (citation omitted).[5]  That is unquestionably not the case here.

---

[3]  *See also Reeves*, 2015 WL 5736395, at *4 (remanding action to state court based on unsettled nature of issue whether § 1441(c) encompasses removals by counter-defendants and divisiveness of *Carl Heck*); *U.S. Bank Trust, N.A. v. Wild*, 2015 WL 5306316, *3 (S.D. Ala. Sept. 10, 2015) (where "removing parties were counter-defendants, rather than third-party defendants, … *Carl Heck* was not controlling, and the counter-defendants did not have authority under section 1441(c) to remove the matter"); *Citibank (South Dakota), N.A. v. Duncan*, 2010 WL 379869, *2 (M.D. Ala. Jan. 25, 2010) ("The Eleventh Circuit has yet to decide whether § 1441(c) encompasses removals by counter-defendants, and given the divisiveness among other courts as to the underlying conclusion reached in *Carl Heck*, the court is persuaded that the better course is to remand, rather than to guess what this circuit might hold if presented with the unsettled issue of whether *Carl Heck* should be extended to removals by counter-defendant.").

[4]  Indeed, the Supreme Court has unequivocally stated that "it would undermine the clarity and simplicity of [the well-pleaded complaint rule] if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in determining whether a case 'arises under' federal law" for jurisdictional purposes.  *Id.* at 60-61.

[5]  This concept of derivative liability as a precondition for third-party defendant status originates in the text of Rule 14, which provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty **who is or may be liable to it for all or part of the claim against it.**"  Rule 14(a)(1), Fed.R.Civ.P. (emphasis added); *see also Coates v. CTB, Inc.*, 173 F. Supp.2d 1200, 1202 (M.D. Ala. 2001) (examining Rule 14(a) and concluding that "[a]n entirely separate claim, even one that arises out of the same set of facts, does not allow a third-party defendant to be impleaded," and that a third-party defendant "must be liable secondarily to the original defendant in the event that the latter is held liable to the (Continued)

Green Tree's purported liability to Doolittle is in no way secondary to, or derivative of, Doolittle's purported liability to FNMA.  To be sure, Doolittle's claims against Green Tree and FNMA's claims against Doolittle share a common nucleus of facts; however, Doolittle could prevail on one or more of his claims against Green Tree even if Doolittle loses to FNMA on the ejectment claim in the main action.  As such, Green Tree appears not to be accurately classified as a third-party defendant in this action, but instead is more in the nature of a counterclaim defendant.  Green Tree does not proffer any meaningful argument to the contrary, but instead waves aside the distinction as immaterial for § 1441(c) purposes.  (*See* doc. 9, at 6.)  *Baxter* and the other persuasive authorities set forth *supra* have held otherwise.

This Court is not inclined to extend the rickety, oft-maligned reasoning of *Carl Heck* to the counterclaim defendant context.  That conclusion alone would be dispositive of the Motion to Remand and warrant sending this case back to state court for lack of removal jurisdiction.  However, the Court need not hang its hat on the third-party defendant / counterclaim defendant distinction.  A more compelling justification for finding removal jurisdiction lacking may be found upon scrutiny of the pertinent statutory language.  Again, Green Tree's Response (doc. 9) hinges the statutory authorization for removal exclusively on 28 U.S.C. § 1441(c).  This provision has been amended multiple times, and in material respects, since *Carl Heck* was decided.  Ultimately, the position of Green Tree is untenable because it does not properly take into consideration the plain language of the statute, in its present incarnation.  And of course, the current text of § 1441(c), rather than a 35-year old appellate decision construing a markedly and materially different iteration of that statute, is what matters in evaluating whether removal was authorized under § 1441(c) in this case.

Green Tree's argument is that § 1441(c) authorizes removal whenever a federal question (as to which jurisdiction would be proper under 28 U.S.C. § 1331) is joined with claims that are not otherwise removable (*i.e.*, run-of-the-mill state-law claims between non-diverse parties).  In that scenario, Green Tree says, the entire case may be removed under § 1441(c), after which the

---

plaintiff") (citation omitted); *Scarber*, 2015 WL 5782279, at *3 ("Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim.") (citation omitted).

federal court should sever and remand the state-law claims back to state court, creating parallel, multi-tracked litigation proceedings occurring simultaneously in two different fora. Leaving aside whether such a litigation-proliferating scheme would even make sense, a fair reading of the statute does not, and cannot, support such an outcome. The relevant portions of § 1441(c) provide as follows:

> (1) If a civil action includes –
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) *a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute*, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1) (emphasis added).

By the plain statutory language, then, a case is removable under § 1441(c) only if both of the following requirements are satisfied: (i) the presence of a federal question; and (ii) the existence of an additional claim that either is "not within the original or supplemental jurisdiction of the district court" or "has been made nonremovable by statute." *Id.*[6] The former prerequisite is unquestionably met here, given Doolittle's claims against Green Tree and Bank of America for violation of FDCPA, TILA and RESPA, all of which are federal statutes giving rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331. The latter, however, is not.

Green Tree stops short of contending that FNMA's ejectment claims against Doolittle or Doolittle's state-law claims against Green Tree and Bank of America would not be subject to federal supplemental jurisdiction as prescribed by 28 U.S.C. § 1367. Rightfully so, particularly as Green Tree staked itself to precisely the opposite position in its removal papers.[7] Plainly, the

---

[6] *See Morris*, 2015 WL 4617175, at *7 ("the plain language of § 1441(c) now calls for an examination of whether a civil action includes (1) a removable federal claim, § 1441(c)(1)(A), and (2) another claim that either (a) is not within the original or supplemental jurisdiction of the district court or (b) is made nonremovable by statute, § 1441(c)(1)(B)").

[7] In its Notice of Removal, Green Tree insisted that "all of Doolittle's claims, including state-law claims, are removable under 28 U.S.C. § 1367(a) …. Doolittle's state-law claims arise from the same events, case, and controversy as the alleged federal claims, namely the alleged wrongful foreclosure by Green Tree." (Doc. 1, ¶¶ 6-7.)

exercise of supplemental jurisdiction over such claims would be proper and permissible within the parameters of § 1367, such that the "not within supplemental jurisdiction" prong of § 1441(c)(1)(B) is not satisfied.[8]  Green Tree fares no better under the "nonremovable by statute" prong.  No claim joined in the Complaint or the Counterclaim "has been made nonremovable by statute."  A claim that is made nonremovable by statute would include those enumerated at 28 U.S.C. § 1445, such as a worker's compensation claim.[9]  No claims within the ambit of § 1445 have been joined by any party in this action.

Nonetheless, Green Tree posits in summary fashion that the "nonremovable by statute" prong of § 1441(c)(1)(B) is satisfied, reasoning that "[t]he original ejectment suit was not removable because it was a state law claim brought against a resident defendant, Doolittle.  28 U.S.C. § 1441(b)(2)." (Doc. 9, at 8.)  This contention misapplies the statute.  Section 1441(b)(2)

---

[8]  By statute, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over ***all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.***"  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a) (emphasis added).  Doolittle's counterclaims against Green Tree and Bank of America are related to, and intertwined with, FNMA's ejectment claims against Doolittle.  This is because Doolittle's counterclaims are obviously aimed at voiding and otherwise undermining the foreclosure sale that forms the legal and factual predicate undergirding FNMA's claims for ejectment.  Under the circumstances, no reasonable argument can be made that any of the state-law claims joined herein would be outside the supplemental jurisdiction conferred by § 1367(a).  *See, e.g., Scarber*, 2015 WL 5782279, at *5 ("Because Defendants' state-law and federal-law counterclaims are so intertwined with Plaintiff's ejectment action, this court would have supplemental jurisdiction over them if it could hear this case."); *Morris*, 2015 WL 4617175, at *8 ("Penny's federal and state-law claims against Wells Fargo are intertwined with Fannie Mae's ejectment action insofar as Penny's federal and state claims against Wells Fargo … are all designed to defeat Fannie Mae's ejectment action by undoing the foreclosure on the Morrises' home and the ensuing sale.  Such allows the ejectment action to be deemed part of the same case or controversy as the federal claims for purposes of § 1367."). "[B]ecause the court would have supplemental jurisdiction over the ejectment action (and other state-law counterclaims) in addition to the RESPA, TILA, and FDCPA counterclaims, it follows that subsection (B) of section 1441(c)(1) is not satisfied." *LPP Mortgage Ltd. v. Agee*, 2015 WL 5693606, *5 (N.D. Ala. Sept. 29, 2015).

[9]  *See* 14B C. Wright, A. Miller, *et al.*, *Federal Practice & Procedure* § 3722.3 (4th ed.) ("It also should be noted that the new formulation of section 1441(c) also permits removal when a federal question claim is joined with a claim that has been made nonremovable by a statute such as 28 U.S.C. § 1445.").

does not demarcate any <u>claim</u> or category of <u>claims</u> as nonremovable; rather, it identifies certain conditions under which an entire <u>civil action</u> may not be removable.  In particular, § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of … section 1332(a) … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Again, § 1441(c)(1)(B) is framed in terms of "a claim that has been made nonremovable by statute," not a civil action that might be nonremovable under certain conditions.  Moreover, § 1441(b)(2) and § 1441(c)(1) are mutually exclusive.  Section 1441(b)(2) comes into play only when federal jurisdiction would be predicated <u>solely</u> on the diversity provisions of § 1332.  By contrast, § 1441(c)(1) allows for removal when a claim subject to federal question jurisdiction under § 1331 is joined with another claim outside the district court's original or supplemental jurisdiction.  In other words, the existence of a § 1331 federal question takes us out of the realm of § 1441(b)(2) altogether, such that § 1441(b)(2) does not and cannot make any claim joined in that action nonremovable by statute.  The point is that Green Tree cannot utilize § 1441(b)(2) to manufacture a "claim that has been made nonremovable by statute" where there is none.[10]  No federal statute would categorically forbid removal of ejectment claims of the kind brought by FNMA against Doolittle in the main action, or removal of the state-law claims interposed by Doolittle against Green Tree and Bank of America in the Counterclaim.

The bottom line is that Green Tree, as the removing party, has not satisfied its burden of showing that § 1441(c) applies.  In particular, it has not demonstrated that this action includes both (i) a federal question and (ii) "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute."  28 U.S.C. § 1441(c)(1)(B).  To the contrary, both FNMA's ejectment claim and Doolittle's state-law counterclaims against Green Tree and Bank of America lie comfortably within the scope of

---

[10]     Another way to think of it is this:  Nothing in § 1441(b)(2) forbids removal of state-law claims involving a defendant who is a citizen of the state where the action is brought.  Such claims are removed to federal court every single day, pursuant to the supplemental jurisdiction provisions of § 1367, where they are joined with a federal question.  When a civil action includes both a federal question and a state-law claim against a resident defendant, the latter claim has not been "made nonremovable by statute" – and § 1441(c)(1) therefore does not apply – for the simple reason that nothing in § 1441(b)(2) or any other statute would render the state-law claim nonremovable in such circumstances.

federal supplemental jurisdiction, and no such claims have been made categorically nonremovable under a statute such as 28 U.S.C. § 1445.  Because this civil action does not include any claims within the boundaries of § 1441(c)(1)(B), § 1441(c) does not apply and cannot authorize removal by Green Tree, <u>even if</u> this Court were to extend the reasoning of *Carl Heck* to counterclaims (as *Baxter*, *Reeves* and other persuasive district court authorities in this Circuit have refused to do).  In so concluding, the undersigned expressly aligns itself with the recent *Scarber*, *Morris*, and *Agee* decisions from the Northern District of Alabama.[11]

### III.  Conclusion.

For all of the foregoing reasons, the Court finds that Green Tree's removal of this action was authorized by neither § 1441(a) nor § 1441(c).  Because Green Tree has not satisfied its burden of proving adequate grounds for removal jurisdiction, Doolittle's Motion for Remand (doc. 6) is **granted**.  This action is **remanded** to the Circuit Court of Mobile County, Alabama, for further proceedings.  Doolittle's Motion to Stay (doc. 17) is **moot**.

DONE and ORDERED this 5th day of November, 2015.

                                                    s/ WILLIAM H. STEELE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[11]  The Court declines Green Tree's invitation to defer to the Northern District of Alabama decision in *WGB, LLC v. Bowling*, 18 F. Supp.3d 1288 (N.D. Ala. 2014), which Green Tree lauds as "do[ing] nearly all of the intellectual heavy lifting needed to respond to Doolittle's motion to remand." (Doc. 9, at 3.)  The *Bowling* court opined that removal jurisdiction was proper pursuant to *Carl Heck* and § 1441(c) under analogous circumstances to those presented here; however, the Court finds *Bowling* unpersuasive.  Specifically, that decision diverges from (or does not adhere to) the requirement of § 1441(c)(1)(B) that there be, in addition to a federal question supporting § 1331 jurisdiction, a claim that either is beyond the reach of supplemental jurisdiction or has been made nonremovable by statute.  *Bowling* glosses over that part of the analysis by reading § 1441(c) removal as being available "[w]hen an action includes claims that are removable under § 1331 and nonremovable claims." *Bowling*, 18 F. Supp.3d at 1293.  Such a characterization obscures the precise statutory language dictating that such a "nonremovable claim" be either (i) beyond the district court's supplemental jurisdiction, or (ii) one that "has been made nonremovable by statute."  The Court therefore parts company with *Bowling*'s expansive, broad reading of § 1441(c), which comes at the expense of specific, narrowing statutory language.  *See Morris*, 2015 WL 4617175, at *9 (criticizing *Bowling* because that decision "would appear to authorize removal under § 1441(c) without regard to whether the civil action necessarily includes 'a claim that is not within the original or supplemental jurisdiction of the district courts or a claim that is made nonremovable by statute,' as required by the plain language of § 1441(c)(1)(B)").